**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      Case No.:    3:07-cr-296-J-34JRK

DANIEL JAY HORNE,

    Defendant.

## ORDER

This case is before the Court on Defendant Daniel Jay Horne's Motion for Sentence Reduction Under Amendment 782 (Doc. 1260; Amendment 782 Motion), as well as the United States Probation Office's Amendment 782 Memorandum (Doc. 1188; Amendment 782 Memorandum). The Probation Office advises the Court that Horne is eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). Amendment 782 Memorandum at 1. Horne requests that the Court reduce his sentence from a term of 210 months' imprisonment to a term of 158 months' imprisonment. Amendment 782 Motion at 10. The United States has responded in opposition. (Doc. 1263; Response). The United States does not dispute that Horne is eligible for a sentence reduction. Response at 4. However, the United States opposes Horne's request for a reduced sentence because of his lengthy criminal history and his post-offense conduct, which includes disciplinary infractions for assault with serious injury, fighting, and refusing to obey orders. Id. at 3-6.

1

For the reasons set forth below, the Court will grant the Amendment 782 Motion to the extent that the Court will reduce Horne's prison sentence to a term of imprisonment of 184 months.

**I.     Background**

On November 7, 2007, a grand jury indicted Horne and 16 co-defendants, charging each with one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 1; Indictment). An additional nine defendants were added in a superseding indictment on July 17, 2008 (Doc. 478; Superseding Indictment), along with four others who, although charged in separate cases, participated in the conspiracy.[1] Horne pled guilty to the charge pursuant to a written Plea Agreement. (Doc. 447; Plea Agreement).

At sentencing, the Court calculated Horne's total offense level to be 34 and his Criminal History Category to be VI, yielding an advisory sentencing range of 262 to 327 months' imprisonment. Amendment 782 Memorandum at 1, 4.[2] However, the United States moved for a three-level reduction of his total offense level pursuant to U.S.S.G. § 5K1.1 to recognize the fact that Horne had provided the government with substantial assistance. (Doc. 805; § 5K1.1 Motion). The Court granted the § 5K1.1 Motion and

---

[1]     See United States v. Hollie Dillon, No. 3:07-cr-217-J-34HTS; United States v. Heriberto Eddie Avalos, et al., No. 3:07-cr-103-J-32MCR.

[2]     The Court found "with certainty" that Horne was responsible for at least 327 grams of methamphetamine, resulting in a base offense level of 34 under the version of the Guidelines then applicable. See Amendment 782 Memorandum at 4. The Court also applied a three-level enhancement for Horne's role as a manager or supervisor of the conspiracy, id. at 24 ¶ 42, which was offset by a three-level reduction for acceptance of responsibility, id. at 24 ¶¶ 45-46. Thus, Horne's total offense level was the same as his base offense level of 34.

sentenced Horne to a term of 210 months in prison.[3] (Doc. 813; Minute Entry of Sentencing Hearing); (Doc. 814; Judgment). Horne did not pursue an appeal.

On April 10, 2014, the United States Sentencing Commission voted unanimously to approve Amendment 782, which "lower[ed] the base offense levels (found in the Drug Quantity Table in USSG § 2D1.1) by two levels across all drug types." United States v. Maiello, 805 F.3d 992, 994 (11th Cir. 2015). The change went into effect on November 1, 2014. Id. The Commission further determined that Amendment 782 should apply retroactively to those who, like Horne, had already been sentenced, provided that no offender would be released from prison before November 1, 2015. Id. On March 4, 2016, the Probation Office filed the Amendment 782 Memorandum in the instant case, advising the Court that Horne is eligible for a sentence reduction.

**II.     Discussion**

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," a district court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In considering a § 3582(c)(2) motion, a district court must engage in a two-step analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); see also Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the Court must determine whether the defendant is eligible for a sentence reduction. To do so, the district

---

[3]     After granting the § 5K1.1 Motion, Horne's reduced total offense level was 31 and his Criminal History Category remained VI, yielding an advisory sentencing range of 188 to 235 months in prison.

court must recalculate the applicable guideline range by substituting only the amended guideline for the one originally used at sentencing. Bravo, 203 F.3d at 780; see U.S.S.G. § 1B1.10(b)(1). "All other guideline application decisions made during the original sentencing remain intact." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The purpose of § 3582(c)(2) is to "give[ ] the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012), abrogated on other grounds by Amendment 780. If the retroactive amendment has "the effect of lowering the defendant's applicable guideline range," the defendant is eligible for a reduction. U.S.S.G. § 1B1.10(a)(1)–(2).

"If a prisoner is eligible, the district court engages in the second step: it exercises its discretion to decide whether, in consideration of the § 3553(a) factors, to reduce the sentence and, if so, by how much within the authorized range." United States v. Gonzalez–Murillo, 852 F.3d 1329, 1335 (11th Cir. 2017). The court must "also consider the nature and seriousness of the danger to any person or community that may be posed by a reduction, and the court may consider the defendant's post-sentencing conduct." United States v. Cueto, 629 F. App'x 881, 883–84 (11th Cir. 2015) (citing United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009)); U.S.S.G. § 1B1.10, Comment n.1(B). Importantly, the "grant of authority to the district court to reduce a term of imprisonment [under § 3582(c)(2) ] is unambiguously discretionary." Vautier, 144 F.3d at 760.

Ordinarily, a district court cannot reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). However, there is an exception for defendants, like Horne, whose original prison sentence

4

was below the original guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). In such cases, "a reduction comparably less than the amended guideline range … may be appropriate." Id. The district court has three options for applying a downward departure comparable to the original substantial assistance reduction: (1) a comparable levels-based departure; (2) a comparable percentage-based departure, or (3) a comparable months-based departure. See United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010) ("[A] sentencing court may use a lower offense category, a percentage, or a flat number of months, to calculate a departure based on substantial assistance," as well as to award a comparable reduction under § 3582(c)(2)). Regardless of what method the Court originally used to calculate a substantial assistance reduction, it is not required to use the same method again when applying a comparable reduction under § 3582(c)(2). United States v. Marroquin-Medina, 817 F.3d 1285, 1291-93 (11th Cir. 2016). Moreover, a district court has the discretion to give the defendant a less-than-comparable substantial assistance reduction or no comparable reduction at all. See Vautier, 144 F.3d at 760-61 (a defendant has no right to receive comparable credit for prior substantial assistance when having his sentence reduced under § 3582(c)(2)). Indeed, a district court "'retains unfettered discretion to consider anew whether a departure from the new sentencing range is … warranted in light of the defendant's prior substantial assistance.'" Id. at 761 (quoting United States v. Wyatt, 115 F.3d 606, 610 (8th Cir. 1997)).

In the exercise of its discretion, the Court determines that a comparable levels-based departure is appropriate based on Horne's substantial assistance. Amendment 782 reduces Horne's total offense level from 34 to 32 while leaving the Criminal History

5

Category unchanged. Amendment 782 Memorandum at 1. Applying a three-level departure similar to that which the Court granted at the sentencing hearing yields an adjusted amended offense level of 29. With an offense level of 29 and a Criminal History Category of VI, the Guidelines recommend a term of imprisonment of 151 to 188 months. U.S.S.G. § 5A, Sentencing Table. Horne's original sentence was near the middle of the adjusted Guidelines range after applying the substantial assistance departure[4], and a similar sentence here would be approximately 170 months. However, the Court does not find such a steep reduction to be warranted. The severity of Horne's criminal history (which includes multiple convictions for burglary, battery, and assault)[5], his role in the offense, as well as Horne's post-offense conduct (which includes infractions for assault, fighting, and refusing to obey orders)[6], lead the Court to conclude that a sentence of 170 months would be inadequate to constitute just punishment and to protect the public from future crimes by Horne. Horne's criminal history suggests he may still be a danger to the community. Indeed, Horne's post-offense conduct reflects that he has failed to learn respect for the law and has failed to conform his behavior to its requirements. Moreover, the Court is of the view that a reduction to 170 months for a manager of this massive methamphetamine conspiracy that resulted in 26 people being sentenced to federal prison would result in unwarranted sentencing disparities. For all of these reasons, the Court declines to award Horne a 40-month sentence reduction (or the 52-month reduction he requests).

---

[4] Horne's original sentence of 210 months was roughly in the middle of the range of 188 to 235 months, the range prescribed after applying the original three-level substantial assistance departure (which yielded an adjusted offense level of 31 and a Criminal History Category of VI).
[5] See Presentence Investigation Report at ¶¶ 50, 52, 58, 63, 65, 71, 74.
[6] See Amendment 782 Memorandum at 1-2.

6

However, the Court believes that some sentence reduction is appropriate to recognize two facts: (1) that the Sentencing Commission deemed it appropriate to reduce the base offense level for drug offenses such as Horne's (and to make this change retroactive), and (2) that Horne gave the government substantial assistance. In consideration of all the applicable factors set forth in 18 U.S.C. § 3553(a), the Court will reduce Horne's term of imprisonment toward the high end of the adjusted amended Guidelines range, or 184 months. The Court believes such a sentence is both necessary and sufficient to promote respect for the law, provide just punishment, and protect the public, given the nature and circumstances of the offense and the history and characteristics of the defendant. The Court further finds that this sentence is in no way greater than necessary to address those purposes.

Accordingly, it is hereby **ORDERED:**

1. Defendant Daniel Jay Horne's Motion for Sentence Reduction Under Amendment 782 (Doc. 1260) is **GRANTED** to the extent that the Court will reduce Horne's term of imprisonment to **184 months**.
2. All other provisions set forth in the Judgment (Doc. 814) remain in full force and effect.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of October, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record
Defendant
United States Probation Office
United States Bureau of Prisons